Filed 11/28/22 P. v. Gonzalez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL ARCE GONZALEZ,<br><br>    Defendant and Appellant. | H049227<br>(Santa Clara County<br>Super. Ct. No. C1894823) |

**MEMORANDUM OPINION[1]**

Defendant Daniel Arce Gonzalez appeals from the probation order imposed after his no contest plea to obtaining money or property by false pretenses, in violation of Penal Code section 532, subdivision (a).[2] Gonzalez contends that we should vacate the criminal justice administration fee imposed by the trial court that has been repealed by Assembly Bill No. 177 (2021-2022 Reg. Sess.). The Attorney General correctly concedes this argument.

At sentencing, the trial court suspended the imposition of sentence and placed Gonzalez on formal probation for two years. Along with other conditions the court ordered Gonzalez to complete 500 hours of community service and to pay restitution. The trial court also ordered Gonzalez to pay a criminal justice restitution administrative

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1. (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.) The facts of the offense are immaterial to this appeal.

[2] Undesignated statutory references are to the Penal Code.

fee not to exceed ten percent of the restitution amount to cover the cost of collecting the restitution, pursuant to former section 1203.1, subdivision (l).

While this appeal was pending, the Legislature reduced or eliminated many criminal fees. Relevant here, Assembly Bill No. 177, operative January 1, 2022, repealed section 1203.1, subdivision (l), which had allowed courts to impose a fee to pay for the administrative cost of collecting restitution, not to exceed 15 percent of the total amount ordered to be paid. (Stats. 2021, ch. 257, § 22; former § 1203.1, subd. (l).) Assembly Bill No. 1869 added section 1465.9, subdivision (b) to the Penal Code. Under this legislation, the balance of court-imposed costs pursuant to section 1203.1 "shall be unenforceable and uncollectible" on or after January 1, 2022, and "any portion of a judgment imposing those costs shall be vacated." (Stats. 2021, ch. 257, § 35; § 1465.9, subd. (b).) Thus as the parties agree, any unpaid balance of the restitution administration fee that remained unpaid as of January 1, 2022 must be vacated. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 626-627 [plain language of section 1465.9, subdivision (a) requires vacatur of balance of unpaid fees on statute's effective date].)

## DISPOSITION

The unpaid balance of the criminal justice restitution administration fee that was imposed under former section 1203.1, subdivision (l) is ordered vacated. The trial court is directed to amend the probation order to reflect the vacatur, and to forward a copy of the amended probation order to the Santa Clara County Probation Department. The probation order is otherwise affirmed.

_____

Greenwood, P. J.

WE CONCUR:

_____

Grover, J.

_____

Lie, J.

People v. Gonzalez

H049227